(39 Misc. Rep. 231.)

### VILLAGE OF BROCKPORT v. GREEN.

(Supreme Court, Special Term, Monroe County. November, 1902.)

**1. VILLAGE BONDS—ISSUANCE—SUBMISSION OF PROPOSITION.**

Laws 1897, c. 414, §§ 260, 261, 263, require that the board of sewer commissioners of a village shall adopt a plan for a sewerage system, and prepare a proposition for an adoption of a sewer system, describing the same and the cost thereof, to be submitted in the manner provided by statute at an election of the qualified voters. Held, that bonds issued by the village under a proposition adopted by a majority of the voters, which merely contained a resolution theretofore passed by the village trustees authorizing them to borrow money to construct a sewer system and raise the money for payment thereof by tax, are void, though in the hands of a bona fide purchaser.

Action by the village of Brockport against Myron W. Green. Demurrer to answer overruled.

Dean & McArthur, for plaintiff.
William T. Plumb, for defendant.

NASH, J. The demurrer to the answer raises the question whether a proposition for the construction of a sewer system for the village should have been adopted at a village election in the manner provided by law. Section 260 of the village law (Laws 1897, c. 414) provides that:

"The board of sewer commissioners of a village may establish and maintain a sewer system therein. Before taking any proceedings for the construction of a sewer, the board, at the expense of the village, shall cause a map and plan of a permanent sewer system for such village to be made, with specifications of dimensions, * * * and procure the approval thereof by the state board of health.

"Sec. 261. Upon the adoption of a proposition therefor the whole or any part of the sewer system may be constructed at the expense of the village. The proposition shall describe the portion of the system proposed to be so constructed, and shall also contain a statement of the estimated maximum and minimum cost thereof."

"Sec. 263. Upon the adoption of a proposition therefor, the whole or any part of the sewer system may be constructed at the joint expense of the vil-

lage and of the property benefited. The proposition shall describe the portion of the system proposed to be so constructed, shall contain a statement of the estimated maximum and minimum cost thereof, and also the proportion of the expense to be assessed upon the village at large, and the aggregate proportion to be assessed upon the property benefited. If the proposition be adopted such aggregate proportion shall be equitably adjusted with reference to the benefits to be derived therefrom."

Section 264 provides for the construction of sewers wholly at the expense of the property benefited, upon the petition of property owners upon a street or streets.

"Sec. 266. The board of sewer commissioners of a village authorized to construct the whole or any part of a sewer system shall advertise for proposals for the construction thereof, either under an entire contract or in parts and sections, as the board may determine. * * * No contract shall be made by which a greater amount shall be agreed to be paid, than the maximum stated in the proposition or in the petition for the construction of such sewer."

Section 268 and sections following provide for the apportionment of a local assessment, if the expense of constructing the sewer or any part of it is to be assessed upon the lands benefited, and for an appeal and reapportionment, if ordered.

"Sec. 274. The expense of constructing a sewer or a sewer system may be raised in an entire amount or in smaller sums from time to time as the board of sewer commissioners may determine. If any portion of such expense is to be borne by the village, bonds or certificates of indebtedness may be issued therefor. If such expense or any part thereof is to be assessed upon property benefited, the same is to be assessed in accordance with the apportionment and ratio established under this article."

These sections together with prior sections of the village law furnish a complete plan of procedure for the submission for adoption of a proposition for a sewer system at either an annual or special election called for the purpose, and take the place of the provisions of the act for the construction of sewers in incorporated villages, enacted in 1889 (Laws 1889, c. 375), which in express terms provided for the submission of the question of construction and the apportionment of the expense thereof to the voters at an election.

The two articles of the village law next prior to the one containing the sections to which reference is had (articles 8 and 9) provide for the submission at a village election of propositions for supplying a village and its inhabitants with water and light. These articles in express terms provide for the submission of questions as to water and light for adoption at an election. The provisions of the article on sewers as unmistakably indicate that a proposition for the adoption of a sewer system shall be submitted at an election to the voters of the village qualified to vote thereat. The word "proposition" acquires a definite and determinate meaning in the sections of the village law providing for the method of the adoption of or voting upon propositions. The qualifications of voters upon a proposition are defined in subdivision 2 of section 41. Section 223 provides that, if a proposition to establish a system of waterworks be adopted, the board of water commissioners shall proceed to construct such system accordingly. Section 243 provides that, if a proposition to establish a lighting system be adopted, the board of light commissioners shall proceed to construct such system accordingly. Section 261,

"Construction of a Sewer at Expense of Village," provides that, upon the adoption of a proposition therefor, the whole or any part of the sewer system may be constructed at the expense of the village. Adoption of a proposition by whom? Not by the sewer commissioners. The language is inapplicable to any action of the sewer commissioners. There is no provision of the statute authorizing them to adopt a proposition. They are to proceed with the construction of the sewer system upon the adoption of a proposition therefor. The board of sewer commissioners may establish and maintain a sewer, system. The word "establish" is not used in the sense of to construct, and that is not its meaning etymologically. Before taking any proceedings for the construction of a sewer the board of sewer commissioners, "at the expense of the village, shall cause a map and plan of permanent sewer system for such village to be made." Of course, it is all to be done .at the expense of the village. If to establish gives the sewer commissioners authority to construct, it was unnecessary to add especially that the map and plan should be made at the expense of the village. This provision was necessary to enable the sewer commissioners to frame the proposition to be submitted, so that it would contain the required description. of the sewer system and a statement of the estimated maximum and minimum cost thereof. The authority to incur this expense was necessarily given to the sewer commissioners. No other authority to incur the expense of any part of the sewer system is given to the sewer commissioners until the adoption of a proposition therefor in the manner provided by the statute. It is not only so plainly provided, but the provisions for the construction of waterworks and a lighting system show the purpose of the legislature to permit the voters of a municipality to decide for themselves questions of this character, and determine upon. the expediency of such expenditures and their extent. The purpose of the statute is not new. It is the re-enactment of a law which provided for the submission of the question of the proposed improvement to the voters of the municipality. The rule for the construction of statutes does not permit the presumption that a change of purpose was intended unless the language is explicit and clear in that direction.

The contention of the plaintiff is that the trustees having full power, because of the fact that the village had no separate board of sewer commissioners to establish and maintain a sewer system for the village, were not required to submit a proposition at an election therefor, in the manner provided by the statute, but that they could determine that question and the estimated maximum and minimum cost thereof in the manner provided by the resolution alleged and set out in the complaint.

It is not claimed that the proposition submitted to the voters conformed in any manner to a proposition whether or not a sewer system should be constructed in whole or in part at the expense of the village, describing the. portion of the system proposed to be so constructed, or that it contained a statement of the estimated maximum and minimum cost thereof. None of these matters were contained therein. It is simply a resolution authorizing the trustees to

borrow $75,000 (to be raised by tax or assessment), or so much thereof as may be necessary, upon the bonds of the village, for the purpose of constructing a permanent sewer system and sewage disposal works for the village.

The complaint alleges that the proposition was duly submitted to and adopted by a majority vote of the voters of the village qualified to vote upon a proposition. The resolution provided that the sum was to be raised by tax or assessment. The qualifications of the voters upon a proposition to raise money by tax or assessment differ from the qualifications of voters entitled to vote upon a proposition. It is sufficient, however, that the proposition did not in any substantial respect conform to the provisions of the statute, and the bonds issued in pursuance thereof are therefore invalid.

The principle of estoppel has no application here. All persons taking such bonds are chargeable with knowledge of the statute under which they were issued, and must see to it that its provisions are complied with. The fact that the holder purchased for value and in good faith does not preclude the village from showing that they were illegally issued. Cagwin v. Town of Hancock, 84 N. Y. 532.

Demurrer overruled.